Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING INC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOYAL 9 MARKETING, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>3.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ABANTE ROOTER AND PLUMBING INC ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

CLASS ACTION COMPLAINT

- 1 -

## NATURE OF THE CASE

1.      Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of LOYAL 9 MARKETING, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a California corporation with its principle place of business also in California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Nevada company. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Northern District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of California and Plaintiff resides within the County of Alameda.

## PARTIES

4.      Plaintiff, ABANTE ROOTER AND PLUMBING INC ("Plaintiff"), is a rooting and plumbing business in Emeryville, California and is a "person" as defined by *47 U.S.C. § 153 (39).*

///

///

---

CLASS ACTION COMPLAINT

- 2 -

5.      Defendant, LOYAL 9 MARKETING, LLC ("L9"), is an entity in the business advertising and marketing industry, and is a "person" as defined by *47 U.S.C. § 153 (39).*

6.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.      Beginning in or around September of 2018 and continuing through October of 2018, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -7210 in an attempt to solicit Plaintiff to purchase Defendant's services.

9.      Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff seeking to solicit its services.

10.      Defendant contacted or attempted to contact Plaintiff from telephone numbers belonging to Defendant, including without limitation (510) 518-2039.

11.      Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A).*

CLASS ACTION COMPLAINT

1     12.     Defendant's calls were placed to telephone number assigned to a

2 cellular telephone service for which Plaintiff incurs a charge for incoming calls

3 pursuant to *47 U.S.C. § 227(b)(1)*.

4     13.     During all relevant times, Defendant did not possess Plaintiff's "prior

5 express consent" to receive calls using an automatic telephone dialing system or an

6 artificial or prerecorded voice on its cellular telephones pursuant to *47 U.S.C. §*

7 *227(b)(1)(A)*.

8     14.     Furthermore, Plaintiff's cellular telephone number ending in -7210

9 have been on the National Do-Not-Call Registry well over thirty (30) days prior to

10 Defendant's initial calls.

11     15.     Defendant placed multiple calls soliciting its business to Plaintiff on

12 its cellular telephones beginning in or around September of 2018 and continued

13 until in or around October 2018.

14     16.     Such calls constitute solicitation calls pursuant to 47 C.F.R. §

15 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

16     17.     Plaintiff received numerous solicitation calls from Defendant within a

17 12-month period.

18     18.     Plaintiff never granted Defendant any prior express consent nor was

19 any established business relationship with Defendant in existance as defined under

20 16 C.F.R. 310.4(b)(1)(iii)(B).

21     19.     Despite this, Defendant continued to call Plaintiff in an attempt to

22 solicit its services and in violation of the National Do-Not-Call provisions of the

23 TCPA.

24     20.     Upon information and belief, and based on Plaintiff's experiences of

25 being called by Defendant after requesting they stop calling, and at all relevant

26 times, Defendant failed to establish and implement reasonable practices and

27 procedures to effectively prevent telephone solicitations in violation of the

28 regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

21.     Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the four proposed classes (hereafter, jointly, "The Classes"). The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

22.     The class concerning the ATDS claim for revocation of consent, to the extent prior consent existed (hereafter "The ATDS Revocation Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the filing of this Complaint.

23.     The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received

1
2
3

        more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

4
5
6

24.    The class concerning the National Do-Not-Call violation following revocation of consent and prior business relationship, to the extent they existed (hereafter "The DNC Revocation Class") is defined as follows:

7
8
9
10
11
12
13

        All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, after having revoked consent and any prior established business relationship, within any twelve-month period, within four years prior to the filing of the complaint.

14
15
16
17
18
19

25.    Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any solicitation telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

20
21
22
23
24
25
26

26.    Plaintiff represents, and is a member of, The ATDS Revocation Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the filing of this Complaint.

27
28

27.    Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call

1   Registry for at least 30 days, who had not granted Defendant prior express consent

2   nor had a prior established business relationship, who received more than one call

3   made by or on behalf of Defendant that promoted Defendant's products or services,

4   within any twelve-month period, within four years prior to the filing of the

5   complaint.

6         28.     Plaintiff represents, and is a member of, The DNC Revocation Class,

7   consisting of all persons within the United States registered on the National Do-

8   Not-Call Registry for at least 30 days, who received more than one call made by or

9   on behalf of Defendant that promoted Defendant's products or services, after

10  having revoked consent and any prior established business relationship, within any

11  twelve-month period, within four years prior to the filing of the complaint.

12        29.     Defendant, their employees and agents are excluded from The

13  Classes.  Plaintiff does not know the number of members in The Classes, but

14  believes the Classes members number in the thousands, if not more.  Thus, this

15  matter should be certified as a Class Action to assist in the expeditious litigation of

16  the matter.

17        30.     The Classes are so numerous that the individual joinder of all of its

18  members is impractical.  While the exact number and identities of The Classes

19  members are unknown to Plaintiff at this time and can only be ascertained through

20  appropriate discovery, Plaintiff is informed and believes and thereon alleges that

21  The Classes includes thousands of members.  Plaintiff alleges that The Classes

22  members may be ascertained by the records maintained by Defendant.

23        31.     Plaintiff and members of The ATDS Class and The ATDS Revocation

24  Class were harmed by the acts of Defendant in at least the following ways:

25  Defendant illegally contacted Plaintiff and ATDS Class members via their cellular

26  telephones thereby causing Plaintiff and ATDS Class and ATDS Revocation Class

27  members to incur certain charges or reduced telephone time for which Plaintiff and

28  ATDS Class and ATDS Revocation Class members had previously paid by having

1   to retrieve or administer messages left by Defendant during those illegal calls, and

2   invading the privacy of said Plaintiff and ATDS Class and ATDS Revocation Class

3   members.

4         32.    Common questions of fact and law exist as to all members of The

5   ATDS Class which predominate over any questions affecting only individual

6   members of The ATDS Class.  These common legal and factual questions, which

7   do not vary between ATDS Class members, and which may be determined without

8   reference to the individual circumstances of any ATDS Class members, include,

9   but are not limited to, the following:

10             a.    Whether, within the four years prior to the filing of this

11                  Complaint, Defendant made any telemarketing/solicitation call

12                  (other than a call made for emergency purposes or made with

13                  the prior express consent of the called party) to a ATDS Class

14                  member using any automatic telephone dialing system or any

15                  artificial or prerecorded voice to any telephone number

16                  assigned to a cellular telephone service;

17             b.    Whether Plaintiff and the ATDS Class members were damaged

18                  thereby, and the extent of damages for such violation; and

19             c.    Whether Defendant and their agents should be enjoined from

20                  engaging in such conduct in the future.

21         33.    As a person that received numerous telemarketing/solicitation calls

22   from Defendant using an automatic telephone dialing system or an artificial or

23   prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting

24   claims that are typical of The ATDS Class.

25         34.    Common questions of fact and law exist as to all members of The

26   ATDS Revocation Class which predominate over any questions affecting only

27   individual members of The ATDS Revocation Class.  These common legal and

28   factual questions, which do not vary between ATDS Revocation Class members,

and which may be determined without reference to the individual circumstances of any ATDS Revocation Class members, include, but are not limited to, the following:

     a.    Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to an ATDS Revocation Class member, who had revoked any prior express consent to be called using an ATDS, using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

     b.    Whether Plaintiff and the ATDS Revocation Class members were damaged thereby, and the extent of damages for such violation; and

     c.    Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

35.    As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, after Plaintiff had revoked any prior express consent, Plaintiff is asserting claims that are typical of The ATDS Revocation Class.

36.    Plaintiff and members of The DNC Class and DNC Revocation Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and DNC Class and DNC Revocation Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class and DNC Revocation Class members whose telephone numbers were on the National Do-Not-Call Registry.  Plaintiff and the DNC Class and DNC Revocation Class members were damaged thereby.

37.   Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class.  These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

a.   Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

b.   Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

c.   Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

d.   Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

38.   As a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant, Plaintiff is asserting claims that are typical of the DNC Class.

39.   Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Revocation Class.  These common legal and factual questions, which do not vary between DNC Revocation Class members, and which

1   may be determined without reference to the individual circumstances of any DNC

2   Revocation Class members, include, but are not limited to, the following:

3          a.      Whether, within the four years prior to the filing of this

4                  Complaint, Defendant or its agents placed more than one

5                  solicitation call to the members of the DNC Class whose

6                  telephone numbers were on the National Do-Not-Call Registry

7                  and who had revoked any prior express consent and any

8                  established business relationship with Defendant;

9          b.      Whether Plaintiff and the DNC Class member were damaged

10                 thereby, and the extent of damages for such violation; and

11         c.      Whether Defendant and their agents should be enjoined from

12                 engaging in such conduct in the future.

13      40.     As a person that received numerous solicitation calls from Defendant

14   within a 12-month period, who, to the extent one existed, had revoked any prior

15   express consent and any established business relationship with Defendant, Plaintiff

16   is asserting claims that are typical of the DNC Revocation Class.

17      41.     Plaintiff will fairly and adequately protect the interests of the members

18   of The Classes.  Plaintiff has retained attorneys experienced in the prosecution of

19   class actions.

20      42.     A class action is superior to other available methods of fair and

21   efficient adjudication of this controversy, since individual litigation of the claims

22   of all Classes members is impracticable.  Even if every Classes member could

23   afford individual litigation, the court system could not.  It would be unduly

24   burdensome to the courts in which individual litigation of numerous issues would

25   proceed.  Individualized litigation would also present the potential for varying,

26   inconsistent, or contradictory judgments and would magnify the delay and expense

27   to all parties and to the court system resulting from multiple trials of the same

28   complex factual issues.  By contrast, the conduct of this action as a class action

1  presents fewer management difficulties, conserves the resources of the parties and

2  of the court system, and protects the rights of each Classes member.

3      43.    The prosecution of separate actions by individual Classes members

4  would create a risk of adjudications with respect to them that would, as a practical

5  matter, be dispositive of the interests of the other Classes members not parties to

6  such adjudications or that would substantially impair or impede the ability of such

7  non-party Class members to protect their interests.

8      44.    Defendant have acted or refused to act in respects generally applicable

9  to The Classes, thereby making appropriate final and injunctive relief with regard

10  to the members of the Classes as a whole.

11                          **FIRST CAUSE OF ACTION**

12      **Negligent Violations of the Telephone Consumer Protection Act**

13                              **47 U.S.C. §227(b).**

14      **On Behalf of the ATDS Class and ATDS Revocation Class**

15      45.    Plaintiff repeats and incorporates by reference into this cause of action

16  the allegations set forth in the paragraphs above.

17      46.    The foregoing acts and omissions of Defendant constitute numerous

18  and multiple negligent violations of the TCPA, including but not limited to each

19  and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular

20  *47 U.S.C. § 227 (b)(1)(A)*.

21      47.    As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*,

22  Plaintiff and the Class Members are entitled an award of $500.00 in statutory

23  damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

24      48.    Plaintiff and the ATDS Class and ATDS Revocation Class members

25  are also entitled to and seek injunctive relief prohibiting such conduct in the future.

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection**

**Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class and the ATDS Revocation Class**

49.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

50.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

51.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff  and the ATDS Class and ATDS Revocation Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

52.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class and the DNC Revocation Class**

53.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

54.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

*///*

---

CLASS ACTION COMPLAINT

55.     As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class and DNC Revocation Class Members are entitled an award of $500.00  in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

56.     Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**FOURTH CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection**

**Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class and DNC Revocation Class**

57.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

58.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

59.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class and DNC Revocation Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

60.     Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

*///*

*///*

*///*

*///*

*///*

CLASS ACTION COMPLAINT

- 14 -

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class and ATDS Revocation Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B).*
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class and ATDS Revocation Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*
- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(5),* Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(c)(5).*
- Any and all other relief that the Court deems just and proper.

CLASS ACTION COMPLAINT

1
2
3
4

## FOURTH CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection

## Act

## 47 U.S.C. §227(c)

5
6
7
8
9

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

10

- Any and all other relief that the Court deems just and proper.

11

## JURY DEMAND

12
13

61.    Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

14
15

Respectfully Submitted this 5th Day of September, 2019.

16
17

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

18
19
20

By:   /s/ Todd M. Friedman
      Todd M. Friedman
      Law Offices of Todd M. Friedman
      Attorney for Plaintiff

21
22
23
24
25
26
27
28

---

CLASS ACTION COMPLAINT